SUSAN M. HACK, ESQ. (Bar No. 145347)
HIGGS, FLETCHER & MACK LLP
401 West "A" Street, Suite 2600
San Diego, CA 92101-7913
TEL: 619.236.1551
FAX: 619.696.1410

Attorneys for Defendant
MENU FOODS HOLDING, INC.

FILED
07 APR 18 AM 11:00
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE SWARBERG, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MENU FOODS HOLDING, INC., THE IAMS COMPANY, and DOES 1 through 100, inclusive<br><br>Defendants. | CASE NO. '07 CV 0706 BTM POR<br><br>LODGMENT OF STATE COURT FILE |

Defendant MENU FOODS HOLDING, INC. hereby lodges with the Court a copy of the State Court File in this matter, Superior Court of California, County of San Diego, Case No. 37-2007-00064066-CU-MT-CTL.

DATED: 18 APR 07

HIGGS, FLETCHER & MACK LLP

By: _____
SUSAN M. HACK, ESQ.
Attorneys for Defendant
MENU FOODS HOLDING, INC.

HIGGS, FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

801903.1                                          LODGMENT OF STATE COURT FILE

ORIGINAL
FILED
CIVIL BUSINESS OFFICE 17
CENTRAL DIVISION

07 MAR 26 PM 4: 25

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

Jeffrey B. Cereghino, Esq., State Bar No. 99480
Steven R. Weinmann, Esq., State Bar No. 190956
**BERDING & WEIL LLP**
3240 Stone Valley Road West
Alamo, California 94507
Telephone:   925/838-2090
Facsimile:   925/820-5592

Attorneys for Plaintiff
Diane Swarberg

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN DIEGO

DIANE SWARBERG, individually and on behalf of all others similarly situated

Plaintiff,

vs.

MENU FOODS HOLDING, INC., THE IAMS COMPANY, and DOES 1 through 100, inclusive

Defendants

No.   37-2007-00064066-CU-MT-CTL

CLASS ACTION COMPLAINT
FOR BREACH OF WARRANTY;
VIOLATION OF THE CONSUMER
LEGAL REMEDIES ACT CIVIL CODE §
1750 ET SEQ.; NEGLIGENT
MISREPRESENTATION; STRICT
PRODUCTS LIABILITY; AND
NEGLIGENCE

BY FAX

Plaintiff Diane Swarberg ("Plaintiff" or "Ms. Swarberg") brings this civil action for damages on behalf of herself and all other similarly situated against the above-named Defendants and complains and alleges as follows:

## I.    NATURE OF ACTION

1.    Ms. Swarberg brings this action as a Class Action pursuant to Rule 382 of the Code of Civil Procedure, on behalf of all persons residing in the State of California who purchased any dog or cat food which was produced by any of the above-named defendants and has had a dog or cat become ill or died as a result of eating the food, and/or which have had to incur veterinary bills purchase special kidney sensitive food, both present and in the future, as a result of such injuries.

2    The defendants are producers and distributors of, *inter alia*, dog and cat food.

CLASS ACTION COMPLAINT                                                          -1-

12010549.tif - 3/26/2007 2:47:08 PM

1  Menu Foods Holdings, Inc. produces dog and cat food under familiar brand names such as Iams,
2  Eukanuba and Science Diet. Menu Foods Holdings, Inc. distributes its dog and cat food
3  throughout the United States to retailers such as Wal-Mart, Target, Petco, PetSmart, and Safeway.

4       3.   Dog and cat food which the defendants produced has caused an unknown number
5  of dogs and cats to become ill, and caused several to die.

6       4    To date, Menu Foods Holdings, Inc. has recalled 53 brands of dog food and 42
7  brands of cat food which are causing dogs and cats to become ill. All recalled food to date is of
8  the "cuts and gravy wet" style. The recalled brands, including any to be added to the recall list
9  later, are collectively referred to herein as the "Product."

10      5    As a result of the Defendants' actions Ms. Swarberg and other Class members have
11 suffered and will suffer economic damage.

12                             II.    PARTIES

13      6.   Plaintiff Diane Swarberg has at all material times been a resident of San Diego,
14 California.

15      7.   Defendant Menu Foods Holdings, Inc. is, upon information and belief, a
16 corporation organized under the laws of Delaware which transacts business in each of the 50
17 United States, including the State of California and County of San Diego. Menu Foods Holdings,
18 Inc. and/or its subsidiaries, is engaged in the business of manufacturing, distributing, marketing
19 and selling pet foods.

20      8.   Defendant, The Iams Company, is upon information and belief, an Ohio company
21 which transacts business in California and all 50 States, including the State of California and
22 County of San Diego. IAMs is engaged in the business of manufacturing, distributing, marketing
23 and selling pet foods.

24      9.   Plaintiff is ignorant at this time of the true names and capacities of Defendants
25 identified in the caption of this Complaint as DOE 1 through DOE 25. Plaintiff is suing these
26 Defendants by such fictitious names pursuant to California Code of Civil Procedure section 474
27 and will amend this Complaint to show their true names and capacities when the same have been
28 ascertained. For the time being, Plaintiff is informed and believes that Defendants DOES 1

1  though 25 were and are business entities, organizations, joint venturers, partnerships, associations,
2  public entities, public agencies, and/or individuals who participated in the design, engineering,
3  development, manufacture, marketing, and selling of the Product along with the other named
4  Defendants.

5      10.    Plaintiff is further informed and believe that, at all times mentioned in this
6  Complaint, Defendants, including DOES 1 through 25, were the agent, servant, and/or employee
7  of the other, and each was acting within the course and scope of their agency and/or employment
8  with respect to the acts complained of in this Complaint.

### III. JURISDICTION AND VENUE

11.    This Court has jurisdiction over this action pursuant to California Code of Procedure section 410.10. Plaintiff seeks damages and restitution on behalf of herself and all others similarly situated in the United States, under common and statutory law of the State of California.

12.    Venue is proper in this Court because (a) the warranties which are the subject of this action were made, or to be performed, and/or breached in this county; (b) the obligation or liability which is the subject of this action arose in this county; (c) some of the described injuries to property occurred in this county; (d) a substantial portion of the acts and transactions described herein occurred within this county; (f) Defendants are registered to do business in the State of California and/or are doing business within this county; and (g) because Defendants did do business in this county by selling and marketing the items at issue in this county. Attached to this Complaint as **Exhibit "A"** is a declaration from Plaintiff Swarberg attesting to facts establishing proper venue in this county pursuant to Civil Code section 1780(c).

## IV.  CLASS ACTION ALLEGATIONS

13.  Plaintiff brings this lawsuit as a class action on behalf of herself and all other persons similarly situated, pursuant to *Code of Civil Procedure* section 382, and to the extent applicable, the analogous provisions of Federal Rule of Civil Procedure 23. And, as detailed below, this class action satisfies the numerosity, ascertainability, typicality, adequacy, predominance, and superiority requirements of those statutes. Plaintiff brings this suit on behalf of herself and a Plaintiff Class (the "Class") composed of:

> All persons residing in the State of California at the time that they purchased any dog or cat food which was produced by the defendants which became the subject of the recall of such food, and who have had a dog or cat which became ill resulting in death or injury, and/or required veterinary examinations, and/or will require increased veterinary examinations as a result of eating the food.

Plaintiff reserves the right to modify this class definition prior to moving for class certification.

14.  This action has been brought and may be properly maintained as a class action pursuant to C.C.P. 382, Civil Code section 1781, and Rule 23 of the Federal Rules of Civil Procedure for the following reasons:

a.  The Class is ascertainable and there is a well-defined community of interest among the members of the Class;

b.  Membership in the Class is so numerous as to make it impractical to bring all Class members before the Court. The identity and exact number of Class members is unknown but is estimated to be at least in the hundreds, if not thousands considering the fact that Menu Foods Holdings, Inc. has identified 53 dog foods and 42 cat foods which may be causing harm to pets, and there are news reports of many ill or dying pets;

c.  Plaintiff's claims are typical of those of other Class members, all of whom have suffered harm due to Defendants' uniform course of conduct;

d.  Plaintiff is a member of the Class;

c. There are numerous and substantial questions of law and fact common to all of the members of the Class which control this litigation and predominate over any individual issues. The common issues include, but are not limited to, the following:

    i. Did the defendants make representations regarding the safety of the dog and cat food they produced and sold?

    ii. Were the defendants' representations regarding the safety of the dog and cat food they produced and sold?

    iii. Did the defendants' dog and cat food cause Plaintiff's and other Class members' pets to become ill?

    iv. Were Plaintiff and other Class members damaged?

f. These and other questions of law or fact which are common to the members of the Class predominate over any questions affecting only individual members of the Class;

g. Plaintiff will fairly and adequately protect the interest of the Class in that Plaintiff has no interests that are antagonistic to other members of the Class and has retained counsel competent in the prosecution of class actions to represent herself and the Class;

h. Without a class action, the Class will continue to suffer damage, Defendants' violations of the law or laws will continue without remedy, and Defendants will continue to enjoy the fruits and proceeds of their unlawful misconduct;

i. Given (i) the substantive complexity of this litigation; (ii) the size of individual Class members' claims; and (iii) the limited resources of the Class members, few, if any, Class members could afford to seek legal redress individually for the wrongs Defendants have committed against them;

j. This action will foster an orderly and expeditious administration of Class claims, economies of time, effort and expense, and uniformity of decision;

k. Inferences and presumptions of materiality and reliance are available to obtain class-wide determinations of those elements within the Class claims, as are accepted methodologies for class-wide proof of damages; alternatively, upon adjudication of Defendants' common liability, the Court can efficiently determine the claims of the individual Class members;

1       l.    This action presents no difficulty that would impede the Court's management of it as a class action, and a class action is the best (if not the only) available means by which members of the Class can seek legal redress for the harm caused them by Defendants.

       m.    In the absence of a class action, Defendants would be unjustly enriched because they would be able to retain the benefits and fruits of their wrongful conduct.

15.    The Claims in this case are also properly certifiable under applicable law.

## V.  STATEMENT OF FACTS

16    Plaintiff Diane Swarberg was the owner of a male cat named Oscar.

17.    Ms. Swarberg acquired Oscar in 1995.

18    Oscar ate one to three bags daily of IAMS Select Adult Bites, which is one of the foods covered by Defendants' recall. He has been eating IAMS Select Adult Bites for many years. He had been generally healthy up until March 2007.

19    In March 2007, Oscar became extremely ill and Ms. Swarberg took him to a veterinarian who informed her that Oscar had suffered kidney failure, also known as acute renal failure. A few days later, on March 15, 2007, tests showed that Oscar was suffering from irreversible kidney failure, and the advice of the veterinarian was that the humane thing to do was to euthanize Oscar, which was done with great reluctance. Blood and urine tests were done, and an autopsy has confirmed that the kidney failure was consistent with poisoning. On information and belief, at least six other cats in San Diego County have died due to poisoning by Defendants' Product.

20.    In March 2007, Menu Foods Holdings, Inc. recalled 53 brands of cuts and gravy wet-style dog food and 42 brands of cuts and gravy wet style cat food which had caused dogs and pets to become ill. One common symptom in the sick animals was kidney failure, also known as acute renal failure. On information and belief, the recalled foods are contaminated with a rodentcide which is a known poison harmful to cats and dogs.

21.    On information and belief, the contaminated Product has caused the deaths or sickness of hundreds of cats and dogs nationwide, requiring veterinary care, repeated monitoring

by veterinarians, special medication, and permanent injuries. Those class members who have had their pets die, have lost the fair market and other peculiar value (Civil Code § 3355) of their pets. The peculiar value of the pets to their owners, is deemed to be the value of that property becaue Defendants had notice thereof and/or were willful wrongdoers pursuant to Civil Code section 3355. The class members have had to throw out substantial quantities of unused pet food due to the recall. The owners of such injured pets, such as Ms. Swarberg, have also suffered severe emotional distress at having their pets die and/or become hospitalized as a result of ingesting the Product. Those emotional distress claims will be subject to individualized proof, post-disposition of common class claims, as shall be further articulated in a trial plan.

## FIRST CAUSE OF ACTION
## BREACH OF WARRANTY

22. Plaintiff realleges all prior allegations as though fully stated herein.

23. Plaintiff and Class members purchased pet food produced by the defendants based on the understanding that the food was safe for their pets to consume.

24. The pet food produced by the defendants was not safe for pets to consume and caused dogs and cats to become ill. The unsafe nature of the pet food constituted a breach of the implied warranty of merchantability.

25. Cat food and dog food produced by Menu Foods Holdings, Inc. are "goods" within the meaning of Uniform Commercial Code Article 2.

26. Defendants' conduct as described herein constitutes breach of an implied or express warranty of affirmation.

27. Defendants' conduct as described herein constitutes breach of an implied warranty of merchantability.

28. Defendants' conduct as described herein constitutes breach of an implied warranty of fitness for a particular purpose.

29. As a proximate result of the aforementioned wrongful conduct and breach, Ms. Swarberg and other class members have suffered damages in an amount to be proven at trial. Defendants had actual or constructive notice of such damages.

30. As a result of the breach, Plaintiff and Class members suffered damages which may fairly and reasonably be considered as arising naturally from the breach or may reasonably be supposed to have been in the contemplation of the parties, at the time they made warranties as to the Product, and as the probable result of the breach of such warranties.

## SECOND CAUSE OF ACTION

## UNJUST ENRICHMENT

31. Plaintiff realleges all prior allegations as though fully stated herein.

32. Defendants were and continue to be unjustly enriched at the expense of Ms. Swarberg and other Class members.

33. Defendants should be required to disgorge this unjust enrichment.

## THIRD CAUSE OF ACTION

## CONSUMER LEGAL REMEDIES ACT

### (Civil Code section 1750, et. seq.)

34. Plaintiff realleges all prior allegations as though fully stated herein.

35. Defendants' sale of tainted pet food constitutes an unlawful, deceptive and unfair business act within the meaning of the Consumer Legal Remedies Act, Civil Code section 1750, et. seq.

36. Defendants are "persons" as defined under Civil Code section 1761(c).

37. Defendants violated Civil Code sections 1770(a)(5) and (7) when they failed to disclose that Defendants' Product is inherently defective and dangerous and not fit for its intended purpose. Defendants' sale of hazardous pet food has the capacity to deceive a substantial portion of the public and to affect the public interest.

38. As a result of the above material omissions, Defendants have committed the following violations of section 1770:

   a) Defendants have represented that their pet food has characteristics or benefits which it does not have (section 1770(a)(5));

   b) Defendants have falsely represented that their pet food is of a particular standard, quality or grade (section 1770(a)(7)).

39. Defendants' deceptive practices, as alleged above, were specifically designed to, and did, induce Plaintiffs and members of the Class to purchase the Product. Defendants engaged in marketing efforts to reach the Class and persuade members to purchase the defective Product, leading to the injuries to their pets as well as other damages.

40. As a result of Defendants' unfair or deceptive acts or practices, Ms. Swarberg and other class members suffered injuries in an amount to be proven at trial.

41. Plaintiff and the Class are providing Defendants with the notice required by with by giving notice of their violation of the Consumers Legal Remedies Act by mail. Plaintiffs at this time request only injunctive relief, until the expiration of the 30 day period in which Defendants may respond to the notice. Such injunctive relief may include further notice of the recall to the public, and an expansion of the recall, among other things. Plaintiff and the Class will amend their Complaint to add claims for damages in the event that Defendants do not respond to the Notice in the specified time. As such, Plaintiffs have therefore complied with the 30-day notice period required by Civil Code section 1782(a).

## FOURTH CAUSE OF ACTION
## NEGLIGENT MISREPRESENTATION

41. Plaintiff realleges all prior allegations as though fully stated herein.

42. Defendants owed Ms. Swarberg and the Class members as a duty to exercise reasonable care in representing the safety of its dog and cat foods.

43. Defendants falsely represented that its dog and cat food was safe for consumption by dogs and cats.

44. In reality, Defendants' dog and cat food caused dogs and cats to become ill and, in some cases, to die.

45. Ms. Swarberg and class members reasonably relied on the information provided by Defendants regarding the safety of its dog and cat food.

46. As a proximate cause of Defendants' false representations Ms. Swarberg and other Class members suffered damages in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION
## STRICT PRODUCTS LIABILITY

47. Plaintiff realleges all prior allegations as though fully stated herein.

48. The Product in all its forms is defective in that it was manufactured or packaged such that it came to contain poisons that are harmful to animals which consume it. Defendants, and each of them, knew that the Product would be purchased and used without inspection for defects by the purchaser or user. The Product was further defective due to inadequate testing.

49. The kinds of harm which befell Plaintiff, her pet, and the members of the Class and their pets, including in the form of veterinary expenses and emotional distress, were entirely foreseeable results of the defect in the Product.

50. Neither Plaintiff nor any member of the Class knew or had reason to know at the time of his/her purchase, or at any time prior to the injuries to their pets, that the Product was defective.

51. Plaintiff requests damages including punitive damages, and medical and related expenses for their pets, against all Defendants.

## SIXTH CAUSE OF ACTION
## NEGLIGENCE

52. Plaintiff realleges all prior allegations as though fully stated herein.

53. Because Defendants were in the business of manufacturing, canning, marketing, distributing and selling food for consumption by pets and possibly by members of the general public who might intentionally or unknowingly consume it, Defendants each owed a duty of care to the general public and to Plaintiff and the Class members in particular, to use reasonable care to see that the Product sold by them was fit for animal as well as human consumption.

54. Defendants, and each of them, failed to use reasonable care in the manufacture, processing, preparation, and sale of the Product as described above, and as a proximate result of their negligence and carelessness, poison in the form of rodentcide or other contaminants harmful to animals and humans was present in the Product purchased by the Class members and consumed

by their pets.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class members request that the Court enter an order of judgment against Defendants including the following:

A. Certification of the action as a class action pursuant to C.C.P. Rule 382 and Civil Code section 1781 with respect to the claims for damages, and appointment of Plaintiff as Class Representative and her counsel of record as Class Counsel;

B. Actual damages (including all general, special, incidental, and consequential damages), statutory damages (including treble damages), punitive damages (as allowed by the law(s) of the states having a legally sufficient connection with defendants and their acts or omissions) and such other relief as provided by the statutes cited herein;

C. Prejudgment and post-judgment interest on such monetary relief;

D. Equitable relief in the form of restitution and/or disgorgement of all unlawful or illegal profits received by Defendants as a result of the unfair, unlawful and/or deceptive conduct alleged herein;

E. Other appropriate injunctive relief including but not limited to additional notice of the recall to the public;

F. The costs of bringing this suit, including reasonable attorneys' fees; and

G. Such other relief as this Court may deem just, equitable and proper.

Date: March 26, 2007

BERDING & WEIL LLP

By: _____
Jeffery B. Cereghino, Esq.
Steven R. Weinmann, Esq.
Attorneys for Plaintiff

O:\WDOCS\0002\07\PLD\00431732.DOC

03/26/2007 14:44 FAX 925 82 2    BERDING & WEIL    ☒015/015

Jeffrey B. Cereghino, Esq., State Bar No. 99480
Steven R. Weinmann, Esq., State Bar No. 190956
**BERDING & WEIL LLP**
3240 Stone Valley Road West
Alamo, California 94507
Telephone:  925/838-2090
Facsimile:   925/820-5592

Attorneys for Plaintiff
Diane Swarberg

FILED
CIVIL BUSINESS OFFICE 17
CENTRAL DIVISION

07 MAR 26  PM 4:25

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| DIANE SWARBERG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MENU FOODS HOLDING, INC., THE IAMS COMPANY, and DOES 1 through 100, inclusive,<br><br>Defendants | No.   37-2007-00064066-CU-MT-CTL<br><br>**DECLARATION IN LIEU OF AFFIDAVIT**<br><br>(Code of Civil Procedure § 2015.5)<br><br>**DECLARATION OF PLAINTIFF DIANE SWARNERG PURSUANT TO CIVIL CODE SECTION 1780(c)** |

BY FAX

I, DIANE SWARBERG, declare:

1.  I am the named Plaintiff in the above-captioned lawsuit, and I submit this Declaration in support of Plaintiff's Complaint and in accordance with Civil Code section 1780(c) to state facts showing that this action has been commenced in a county described in Code of Civil Procedure section 1780 as a proper place for the trial of this action.

2.  I am a citizen and resident of San Diego County, State of California, and, if called as a witness, I would testify of my own personal knowledge as follows:

3.  In the period from 2005 to March 2007, I purchased cat food sold under the brand name "IAMS Select Adult Bites" for my cat, Oscar, at a store in San Diego County, California.

BERDING & WEIL, LLP
3240 Stone Valley Road West
Alamo, California 94507

DECLARATION IN LIEU OF AFFIDAVIT

-1-

12010549.tif - 3/26/2007 2:47:08 PM

1   4.   It is my understanding that the cat food I purchased was manufactured by Menu
2   Foods, Inc. for IAMS, and that this particular item is part of a recall of contaminated pet food by
3   Menu Foods, Inc.
4   5.   My cat, Oscar, became ill after consuming the IAMS / Menu Foods food.
5   6.   I brought him to a veterinarian, who told me that he was suffering from kidney
6   failure.
7   7.   Following further tests, it was decided that the most humane thing to do was to
8   euthanize Oscar, who died on March 15, 2007.
9   8.   An autopsy has been performed, and the tests show that Oscar had poison in his
10   system. Recent press reports have stated that the Menu Foods products are contaminated with a
11   type of rat poison.
12   9.   All of the matters discussed herein occurred or substantially occurred in San
13   Diego County, in the State of California.
14   I declare under penalty of perjury under the laws of the State of California that the
15   foregoing is true and correct. Executed this 27 day of March, 2007, at San Diego,
16   California.

_____
Diane Swarborg

DECLARATION IN LIEU OF AFFIDAVIT                                             -2-

03/26/2007 14:42 FAX 925 82█ █ 2          BERDING & WEIL                            ⌀003/015

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Menu Foods, Holding, Inc., The IAMS Company, and Does 1 through 100, inclusive

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

ORIGINAL FILED
CIVIL BUSINESS OFFICE 17
07 MAR 26 PM 4:25
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Diane Swarberg, individually and on behalf of all others similarly situated

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of San Diego
220 W. Broadway
San Diego, CA  92102

CASE NUMBER:
*(Número del Caso):* 37-2007-00064066-CU-MT-CT

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jeffrey B. Cereghino                             925-838-2090      925-820-5592
State Bar No. 99480
Berding & Weil LLP
3240 Stone Valley Road West, Alamo, CA  94507

DATE:                          Clerk, by _____, Deputy
*(Fecha)* MAR 2 6 2007         *(Secretario)* C Spies              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

[SEAL: SUPERIOR COURT SAN DIEGO COUNTY]

Form Adopted for Mandatory Use                                              Page 1 of 1
Judicial Council of California                 SUMMONS        Code of Civil Procedure §§ 412.20, 465
SUM-100 [Rev. January 1, 2004]                                Legal Solutions Plus

12010549.tif - 3/26/2007 2:47:08 PM

03/26/2007 14:41 FAX 925 820 ▮▮▮2          BERDING & WEIL                                             ORIGINAL  ☒002/015

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Jeffrey B. Cereghino
State Bar No. 99480
Berding & Weil LLP
3240 Stone Valley Road West
Alamo, CA 94507
  TELEPHONE NO.: 925-838-2090     FAX NO.: 925-820-5592
**ATTORNEY FOR** *(Name):* Diane Swarberg

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Diego
  STREET ADDRESS: 220 W. Broadway
  MAILING ADDRESS:
  CITY AND ZIP CODE: San Diego, CA 92102
  BRANCH NAME:

**CASE NAME:** Swarberg v. Menu Foods, et al.

**FOR COURT USE ONLY**
07 MAR 26 PM 4:25
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

| CIVIL CASE COVER SHEET<br>[X] Unlimited  [ ] Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | Complex Case Designation<br>[ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE 37-2007-00064066-CU-MT-CTL<br>JUDGE:<br>DEPT: |

BY FAX

*Items 1-5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

  **Auto Tort**
  [ ] Auto (22)
  [ ] Uninsured motorist (46)
  **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
  [ ] Asbestos (04)
  [ ] Product liability (24)
  [ ] Medical malpractice (45)
  [ ] Other PI/PD/WD (23)
  **Non-PI/PD/WD (Other) Tort**
  [ ] Business tort/unfair business practice (07)
  [ ] Civil rights (08)
  [ ] Defamation (13)
  [ ] Fraud (16)
  [ ] Intellectual property (19)
  [ ] Professional negligence (25)
  [ ] Other non-PI/PD/WD tort (35)
  **Employment**
  [ ] Wrongful termination (36)
  [ ] Other employment (15)

  **Contract**
  [ ] Breach of contract/warranty (06)
  [ ] Collections (09)
  [ ] Insurance coverage (18)
  [ ] Other contract (37)
  **Real Property**
  [ ] Eminent domain/Inverse condemnation (14)
  [ ] Wrongful eviction (33)
  [ ] Other real property (26)
  **Unlawful Detainer**
  [ ] Commercial (31)
  [ ] Residential (32)
  [ ] Drugs (38)
  **Judicial Review**
  [ ] Asset forfeiture (05)
  [ ] Petition re: arbitration award (11)
  [ ] Writ of mandate (02)
  [ ] Other judicial review (39)

  **Provisionally Complex Civil Litigation** (Cal. Rules of Court, rules 3.400-3.403)
  [ ] Antitrust/Trade regulation (03)
  [ ] Construction defect (10)
  [X] Mass tort (40)
  [ ] Securities litigation (28)
  [ ] Environmental/Toxic tort (30)
  [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
  **Enforcement of Judgment**
  [ ] Enforcement of judgment (20)
  **Miscellaneous Civil Complaint**
  [ ] RICO (27)
  [ ] Other complaint *(not specified above)* (42)
  **Miscellaneous Civil Petition**
  [ ] Partnership and corporate governance (21)
  [ ] Other petition *(not specified above)* (43)

2. This case [X] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [X] Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve            in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [X] Substantial postjudgment judicial supervision
3. Type of remedies sought *(check all that apply):*
   a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action *(specify):* 6
5. This case [X] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 23, 2007

Jeffrey B. Cereghino
*(TYPE OR PRINT NAME)*                                    ▶  *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 3.220, 3.400-3.403;
Standards of Judicial Administration, § 19

12010549.tif - 3/26/2007 2:47:08 PM

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY AND ZIP CODE: San Diego, CA 92101 | |
| BRANCH NAME: Central | |
| TELEPHONE NUMBER: (619) 685-6022 | |

| PLAINTIFF(S) / PETITIONER(S): Diane Swarberg |
|---|
| DEFENDANT(S) / RESPONDENT(S): Menu Foods Holding Inc et.al. |
| SWARBERG VS. MENU FOODS HOLDING INC |

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER: 37-2007-00064066-CU-MT-CTL |
|---|---|

Judge: Charles R. Hayes        Department: C-66

**COMPLAINT/PETITION FILED:** 03/26/2007

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING